# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2259

_____

Francisco Santana,                  *

                             *

          Appellant,       *    Appeal from the United States

                             *    District Court for the Eastern

     v.                    *    District of Missouri.

                             *

United States of America,     *      [UNPUBLISHED]

                             *

          Appellee.        *

_____

Submitted:  January 9, 2001

Filed:  January 19, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

A jury convicted Francisco Santana of drug conspiracy and a related charge. We affirmed his convictions and sentences on direct appeal. See United States v. Ortiz-Martinez, 1 F.3d 662 (8th Cir. 1993). Santana then filed a federal habeas petition under 28 U.S.C. § 2255 asserting several claims. The district court denied relief, but certified two issues for appeal involving ineffective assistance of appellate counsel. To establish ineffective assistance of counsel, Santana must show both that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance actually prejudiced him. See Strickland v. Washington, 466 U.S. 668,

687-88 (1994). Santana cannot make this showing. Santana first asserts his appellate attorney should have objected to factual misrepresentations in the government's appellate brief. The allegedly misrepresented facts were not material to any issue decided on appeal or relied on in our opinion to support affirmance of Santana's convictions. Thus, Santana cannot show a reasonable probability that his direct appeal would have been successful absent the failure to object to the alleged misrepresentations. For his other ineffective assistance claim, Santana contends his appellate attorney should have challenged the addition of two points to his base offense level for possession of a firearm under U.S.S.G. § 2D1.1(b)(1) because there was no evidence to show he possessed firearms. To have prevailed on the claim, however, the attorney would have had to convince us the district court's factual findings were clearly erroneous, and Santana offers no reasons why they were. Santana cannot show the failure to challenge the § 2D1.1(b)(1) addition prejudiced him. Besides, the increase properly applies to a defendant like Santana. Although Santana did not personally possess weapons, his coconspirators possessed them and the possession was reasonably foreseeable to him. See United States v. Turpin, 920 F.2d 1377, 1386 (8th Cir. 1990). We affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.